IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON, OHIO

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST, et al.,** | CASE NO. 3:14-CV-00070 |
| Plaintiffs, | **JUDGE THOMAS M. ROSE** |
| v. | |
| **NCR CLARK, LLC, et al.,** | <u>**ORDER**</u> |
| Defendants. | |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

This action came before the Court on Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, Iron Workers District Council of Southern Ohio & Vicinity Pension Trust, Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust (collectively the "ERISA Trusts"), and International Association of Bridge Structural & Ornamental Iron Workers, A.F.L., C.I.O. Local Union No. 70 ("Local 70") (collectively the ERISA Trusts and Local 70 are the "Plaintiffs") Motion for Default Judgment against the Defendants NCR Clark, LLC ("NCR Clark") and Neita C. Williamson ("Williamson"). This Court now grants the Plaintiffs' Motion for Default Judgment against Defendants in its entirety.

**I.     BACKGROUND FACTS**

The ERISA Trusts are three employee benefit and pension plans. Aff. of Peggy Gotthardt ¶¶ 5-12. Defendant NCR Clark entered into agreements with the ERISA Trusts and Local 70 that required it to remit wage assessments and contributions as stipulated in the agreements to the

ERISA Trusts and Local 70. ECF #5, Amended Complaint, ¶ 17; Aff. of Tom Carrier, ¶ 6-7. The ERISA Trusts' and Local 70's allegations, which have now been adopted by the Court by virtue of the entry of default judgment, are that Defendant NCR Clark is delinquent with its contributions to the ERISA Trusts, in violation of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), that Defendant Williamson is personally liable for all amounts that Defendant NCR Clark owes to the ERISA Trusts for her violations of ERISA, and that Defendant NCR Clark is liable to Local 70 for all funds it failed to remit in wage assessments and fringe benefit contributions for its violation of the Labor Management Relations Act of 1947 ("LMRA").

## II.    PROCEDURAL HISTORY

On February 28, 2014, Plaintiffs filed the instant action against Defendants NCR Clark and Williamson. ECF #1, Complaint. Summonses to the Defendants were issued on the same day. ECF # 2, Issuance. By March 5, 2014, service was executed on both Defendants. ECF # 3-4, Return of Service. On June 18, 2014, Plaintiffs filed an Amended Complaint against the same two Defendants. ECF #5, Amended Complaint. On July 8, 2014, Defendants were both served with the Amended Complaint. ECF #6-7. Defendants had 24 days after service was executed to answer the Amended Complaint pursuant to Rules 12(a)(1)(A) and 6(d) of the Federal Rules of Civil Procedure, meaning responsive pleadings were due August 1, 2014.

As of August 4, 2104, no answer, motion, or responsive pleading was filed. ECF #8, Aff. of Matthew T. Hurm, Esq., ¶ 7. As Defendants NCR Clark and Williamson failed to answer or otherwise defend against the Plaintiffs' Amended Complaint, the Plaintiffs applied for an entry of default on August 4, 2014. ECF #8, Application. The Clerk made an entry of default against

2

the Defendants on August 11, 2014. ECF #9, Entry of Default. As of this date, no answer, motion, or responsive pleading has been filed. *See* Dkt.

### III. ANALYSIS

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See Fed. R. Civ. P. 55(a)*. Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. See *Stooksbury v. Ross*, Case No. 12–5739, 2013 WL 2665596, *3 (6th Cir. June 13, 2013) (treating the factual allegations of a complaint on liability as true because defendant produced no timely responsive pleading). However, those allegations relating to the amount of damages suffered are ordinarily not accepted as true unless the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

Neither of the Defendants filed an answer or responded to the entry of default. This failure to act makes clear that none of the Defendants have any intention of defending the current action. Therefore, default judgment and damages on the default judgment are warranted.

The ERISA Trusts provided a sworn affidavit from an employee, Peggy Gotthardt, who is responsible for monitoring employer contributions to the ERISA Trusts. Gotthardt indicated that the Defendants owe the ERISA Trusts a total of $64,317.02 in known delinquent contributions, interest, liquidated damages. Additionally, she states that the ERISA Trusts have paid or owe $6,350.00 in attorneys' fees and costs.

Local 70 provided a sworn affidavit from an employee, Tom Carrier, who is responsible for monitoring the remittance of wage assessments and fringe benefit contributions to Local 70. Carrier indicated that the Defendant NCR Clark owes Local 70 a total of $4,098.70 in known wages assessments and fringe benefit contributions.

The Court concludes that the specific monetary damages claimed are sums certain supported by affidavits, and therefore a hearing on damages is not required. The Court adopts as its own finding the sum certain of the monetary damages evidenced by Gotthardt's and Carrier's affidavits.

IV.  **CONCLUSION**

Accordingly, based on the foregoing this Court GRANTS the following relief:

**RELIEF FOR THE ERISA TRUSTS AS TO DEFENDANT NCR CLARK, LLC:**

1. A declaratory order finding NCR Clark, LLC is bound to the Iron Workers Labor Agreement, the Trust Agreements, and the Participation Agreement.

2. A monetary judgment in favor of Plaintiffs and against NCR Clark for **$64,317.02**, which represents unpaid fringe benefit contributions, interest, and liquidated damages found to be due and owing under the Iron Workers Labor Agreement and ERISA.

3. A monetary judgment against NCR Clark in favor of Plaintiffs for all unpaid fringe benefit contributions, interest, and liquidated damages, as such amounts are found to be due and owing after the ERISA Trusts complete an audit of NCR Clark's payroll records, in the event that the ERISA Trusts' Board of Trustees deem such an audit to be necessary.

4. In the event that a payroll audit is deemed necessary, Plaintiffs shall be liable for the costs of such audit.

5. A monetary judgment against NCR Clark and in the ERISA Trusts' favor of the ERISA Trusts' for $5,950.00 in attorneys' fees and $400.00 in other costs of this action pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

6. That a permanent injunction be issued against NCR Clark pursuant to Section 502(g)(2)(E) of ERISA prohibiting future violations of Section 515 of ERISA, 29 U.S.C. § 1145 with respect to the ERISA Trusts.

7. A declaratory order from this Court requiring NCR Clark to timely submit all missing contribution reports, and to timely submit all such reports in the future.

8. A monetary judgment against NCR Clark for all unpaid contributions, interest, and liquidated damages owed under all missing contribution reports.

9. A declaratory order from this Court requiring NCR Clark to comply with the ERISA Trusts' auditor's request to examine and review the documents necessary to complete a payroll audit, should the ERISA Trusts' Board of Trustees deem such an audit to be necessary.

10. A declaratory order directing disgorgement of all ill-gotten gains by NCR Clark, including employer contributions that have been wrongfully withheld from the ERISA Trusts.

11. Post-judgment interest pursuant to 28 U.S.C. § 1961.

12. Such other legal or equitable relief as this Court deems appropriate.

**RELIEF FOR THE ERISA TRUSTS AS TO NEITA C. WILLIAMSON:**

13. A declaratory order finding that Neita C. Williamson has breached her fiduciary duties owed to the ERISA Trusts.

14. A declaratory order finding that Williamson has engaged in prohibited transactions under ERISA.

5

15. A declaratory order finding that Williamson is personally liable as well as jointly and severally liable together with NCR Clark, to reimburse the ERISA Trusts for all losses resulting from each such fiduciary breach pursuant to Section 409(a) of ERISA, 29 U.S.C. §1109(a), including the **$64,317.02** in known delinquent contributions, interest, liquidated damages, as well as any additional amounts that may be owed.

16. A declaratory order directing an accounting of all of NCR Clark's delinquent contributions that have not been paid to the ERISA Trusts due to Williamson's orders or direction, and an accounting of all losses suffered by the ERISA Trusts and their participants as a result of Williamson's fiduciary breaches and prohibited transactions, with the costs of such accounting to be paid by Williamson, should the ERISA Trusts' Board of Trustees deem such an audit to be necessary.

17. A monetary judgment against Williamson in favor of Plaintiffs for all unpaid fringe benefit contributions, interest, and liquidated damages, as such amounts are found to be due and owing after the ERISA Trusts complete an audit of NCR Clark's payroll records, in the event that the ERISA Trusts' Board of Trustees deem such an audit to be necessary.

18. A monetary judgment against Williamson for all unpaid contributions, interest, and liquidated damages owed under all missing contribution reports.

19. An award of all of the ERISA Trusts' $5,950.00 in attorneys' fees and $400.00 in costs incurred in the investigation, initiation, and prosecution of the claims set forth in this action pursuant to 29 U.S.C. § 1132(g)(2)(D).

20. A monetary order directing Williamson to pay to the ERISA Trusts all amounts required to recover the losses suffered by the ERISA Trusts and their participants, including all rights and

6

benefits to which such participants were entitled to under the ERISA Trusts' governing plan documents, as a result of her breaches of fiduciary duty and prohibited transactions.

21.     A declaratory order directing disgorgement of all ill-gotten gains by Williamson, including employer contributions that have been wrongfully withheld from the ERISA Trusts.

22.     Post-judgment interest pursuant to 28 U.S.C. § 1961.

23.     Such other relief as the Court may deem equitable and just under the circumstances.

24.     The ERISA Trusts would request that this Court retain jurisdiction over this Case pending NCR Clark's and Williamson's compliance with its orders.

### **RELIEF FOR LOCAL 70 AS FOR NCR CLARK, LLC**

1.      A monetary judgment in favor of Local 70 and against NCR Clark for **$4,098.70**, which represents $2,711.10 in unpaid wage assessments and $1,387.69 in fringe benefit contributions owed under NCR Clark's collective bargaining agreement with Local 70.

2.      A monetary judgment in favor of Local 70 and against NCR Clark for all unpaid fringe benefit contributions and wage assessments, as such amounts are found to be due and owing after an audit of NCR Clark's payroll records, in the event such an audit is deemed to be necessary.

3.      In the event that a payroll is deemed necessary, NCR Clark shall be liable for the costs of such audit.

4.      A declaratory judgment finding that NCR Clark is bound to its collective bargaining agreement with Local 70 and the requirements set forth therein.

5.      That Local 70 be awarded post-judgment interest on all monetary amounts in accordance with 28 U.S.C. §1961.

6.      A declaratory order finding that NCR Clark violated Section 301 of the LMRA, 29 U.S.C. §185 by failing to remit wage assessments and contributions owed under NCR Clark's collective bargaining agreement with Local 70.

7.      A permanent injunction prohibiting NCR Clark from committing any future violations of Section 301 of the LMRA, 29 U.S.C. §185, with respect to Local 70.

8.      All other legal or equitable relief as the Court deems appropriate.

**IT IS SO ORDERED**

Date:   August 26, 2014                    s/Thomas M. Rose
                                           Thomas M. Rose
                                           United States District Judge